Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: 1sgrecordon@gmail.com

Attorneys for Plaintiff Jerry Longoria

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jerry Longoria,<br><br>                    Plaintiff,<br><br>vs.<br><br>Quall Cardot, LLP and Cavalry SPV 1, LLC,<br><br>                    Defendants. | Case No.  **'19CV675  BEN RBB**<br><br>Complaint for Violations of the Fair Debt Collection Practices Act and the Rosenthal Act |

**Introduction**

1. Plaintiff Jerry Longoria, ("Longoria" or "Plaintiff"), through his counsel, brings this action to challenge the acts of Quall Cardot, LLP ("Quall Cardot") and Cavalry SPV 1, LLC ("Cavalry") (collectively "Defendants"), regarding violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* ("RFDCPA" or "Rosenthal Act"), which both prohibit debt collectors and creditors from engaging in abusive, deceptive and unfair practices.

/ / /

Complaint

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## II. Jurisdiction and Venue

5. This action arises out of violations by Defendant Quall Cardot, LLP of the FDCPA under 15 U.S.C. §1692, *et seq.*, and violations by both named Defendants of the Rosenthal Act under Cal. Civ. Code §1788, *et seq*.

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C. §1692(k), and 28 U.S.C. §1367 for supplemental state claims.

7. As Defendants engaged and engage in business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendants for purposes of this action.

8. Venue is proper pursuant to 28 U.S.C. §1391 as Defendants do or did business in the Southern District, and some or all of the acts at issue herein occurred in the Southern District.

## III. Parties

*Plaintiff*

9. Plaintiff is a natural person residing in the County of San Diego, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that he is a natural person purportedly obligated to pay a consumer debt, allegedly owed to Radius (hereinafter "Debt").

/ / /

Complaint

10. As Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing, he is a "debtor" as that term is defined by California Civil Code §1788.2(h) and incorporated into California Civil Code §1788.50(c).

*Quall Cardot, LLP*

11. Plaintiff is informed and believes that Defendant Quall Cardot, LLP is and was at all relevant times a California Limited Liability Partnership, or "LLP."

12. Quall Cardot, LLP, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Cod §1788.2(c).

13. Quall Cardot, LLP, in the ordinary course of business, regularly collects or attempts to collect debts owed or asserted to be owed or due to other parties, and Quall Cardot, LLP regularly uses the mail or other instrumentalities of interstate commerce in a business with the principal purpose of the collection of debts.

14. As such Quall Cardot, LLP is a "debt collector" under 15 U.S.C. §1692a.

*Cavalry SPV 1, LLC*

15. Plaintiff is informed and believes that Defendant Cavalry SPV 1, LLC is and was at all relevant times a Delaware Limited Liability Company, or "LLC."

16. Cavalry SPV 1 LLC, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code §1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code §1788.2(c).

/ / /

/ / /

/ / /

Complaint

## IV. Facts Common to all Claims for Relief

*Full Resolution of Consumer Debt owed to Applied Bank*

16. On or before July 18, 2017, Plaintiff incurred a debt ("Debt") to GE Capital Retail Bank, which later changed its name to Synchrony Bank.

17. The above Debt was based on personal credit card and was incurred for personal, family or household purposes.

18. On July 19, 2017, Defendant Quall Cardot, LLP filed a collection lawsuit in the Superior Court of California for the County of San Diego against Mr. Longoria, on behalf of Defendant Cavalry SPV 1, LLC, in the action entitled *Cavalry SPV 1, LLC v Jerry Longoria et al*, case number 37-2017-00026374-CL-CL-NC ("State Court Action").

19. Defendants clamed that Cavalry SPV 1, LLC was entitled to collect the Debt alleged as assignee of Synchrony Bank.

20. Shortly after this point, Mr. Longoria entered a settlement agreement and stipulation with Defendants, and over the next several months, and before August of 2018, made $1,000.00 in payments toward the Debt alleged by Defendants.

21. On March 19, 2018, Defendants filed a stipulated judgment against Mr. Longoria, and judgment ("State Court Judgment") was entered against Mr. Longoria for a total of $8,455.60, based on $7,920.60 in principal, and $535.00 in costs.

22. On August 13, 2018, Defendants filed a Memorandum of Costs after Judgment in the State Court Action, acknowledging the $1,000.00 in payments made by Mr. Longoria, applying $280.31 of that amount to post-judgment interest and $719.61 to the judgment amount, leaving a balance of $7,735.91.

23. Mr. Longoria continued to make payments under the settlement agreement he had reached with Defendants, making a payment of $300.00 in September of 2018.

24. In the meanwhile, Defendants began garnishing Mr. Longoria's wages.

Complaint

-4-

25. Mr. Longoria continued making his payments as agreed, paying $100.00 each month for the months of October, November and December of 2018 and January of 2019.

26. Despite these payments, Defendants continued to garnish Mr. Longoria's wages.

27. Defendants sent Mr. Longoria several letters acknowledging receipt of his payments.

28. However, in these letters Defendants would inflate the balance left due.

29. For example, on September 20, 2018, Defendants sent Mr. Longoria a letter acknowledging his September payment of $300.00.

30. However this letter claimed that even after this payment, Mr. Longoria owed a remaining balance of $8,231.15.

31. As the balance due on the July 24, 2018 Memorandum of Costs After Judgment was $7,735.91, and Mr. Longoria paid $300.00, this real balance should have been approximately $7,435.91, plus the daily interest accrued, at that point well under $200.00.

32. In other words, the balance claimed due in this September 20, 2018 letter was inflated by several hundred dollars.

33. In the following months, Defendants sent Mr. Longoria a number of similar letters following his payments, containing similarly inflated claims of a balance due.

34. Mr. Longoria called Quall Cardot's offices to ask them to stop garnish his wages while he was making payments under the settlement plan he earlier reached with Defendants.

35. Not only did Defendants not stop garnishing Mr. Longoria's wages, but they also did not bother to reduce the amount of the garnishment to reflect his payments.

/ / /

Complaint

36. During the period of October of 2018 to March of 2019, through the San Diego Sherriff's department, Defendants garnished a total of $8,164.62 from Mr. Longoria's paychecks, $16.37 of which was returned to him.

37. The remaining amount taken from Mr. Longoria's check, $8,148.25, included $156.00 in fees, $256.34 in interest, and the judgment principal of $7,735.91.

38. During that same period, Mr. Longoria made at least $700.00 in payments pursuant to the parties' settlement agreement.

39. Not only did Defendants not reduce the amount that they garnished Mr. Longoria's wages to account for his payments, they also did not reduce the interest charged to reflect the fact that every time Mr. Longoria made a payment, the interest due was reduced as the principal amount was reduced as well.

40. In other words, not only did Defendants garnish at least $700.00 too much in principal, but they garnished too much for interest as well.

41. During this process, not only did Mr. Longoria call Quall Cardot to try to stop the garnishment of his wages, but he also sent a letter by certified mail, on February 21, 2019.

42. In this February 21, 2019 letter, Mr. Longoria asked Defendants to stop garnishing his wages and to return his money to him, as Defendants were still garnishing his wages despite the fact that he no longer owed any amount.

43. This letter stated, in pertinent part, "Your office garnished my wages for more than I owe for the judgment in the case above, and may still be garnishing my wages.  Please stop any future garnishment and return the money that you garnished that is more than I owe under the judgment."

44. Despite this letter, and Mr. Longoria's earlier attempts by telephone to resolve this issue, Defendants simply ignored this letter.

45. As of the date of this writing, Defendants have taken no action to remedy the harm they caused.

Complaint

## V.     Allegations Specific to Certain Claims for Relief

### FIRST CLAIM FOR RELIEF

### (Violations of the FDCPA by Quall Cardot, LLP)

46.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

47.     Defendants Quall Cardot, LLP violated the FDCPA. Quall Cardot, LLP's violations include, but are not limited to the following:

   a.     15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

   b.     15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

   c.     15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

   d.     15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

   e.     15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

   f.     15 U.S.C. §1692f(1) by collection of an amount not expressly authorized by the agreement creating the debt, or by law.

48.     Plaintiff is entitled to recover his actual damages sustained as a result of Quall Cardot, LLP's conduct, in an amount according to proof; to statutory damages of $1,000 each; to costs of the action; and to reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k*.

### SECOND CLAIM FOR RELIEF

### (Violations of the Rosenthal Act)

49.     Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

/ / /

50. Based on information and belief, Defendants' acts and omissions violated California Civil Code § 1788, *et seq*.

51. Defendants violated Cal. Civ. Code §1788.17, which incorporates several of the provisions of the FDCPA, including, but not limited to, the following:

   a. 15 U.S.C. §1692d by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

   b. 15 U.S.C. §1692e by making a false, deceptive or misleading misrepresentation in the collection of a debt;

   c. 15 U.S.C. §1692e(2) by misrepresenting the character, amount or legal status of a debt;

   d. 15 U.S.C. §1692e(10) by use of a false representation or deceptive means to collect a debt;

   e. 15 U.S.C. §1692f by use of an unfair or unconscionable means to collect or attempt to collect a debt; and

   f. 15 U.S.C. §1692f(1) by collection of an amount not expressly authorized by the agreement creating the debt, or by law.

52. Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Civil Code § 1788.30(b).

53. As a proximate result of the violations of the Rosenthal Act committed by Defendants, Plaintiff is entitled to recover from Defendants any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c).

/ / /

/ / /

/ / /

/ / /

/ / /

Complaint

# PRAYER FOR RELIEF

Plaintiff prays that judgment be entered against Defendants, and prays for the following relief:

*FDCPA*

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Quall Cardot, LLP and for the Plaintiff;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Quall Cardot, LLP and for the Plaintiff;

3. An award of costs of litigation and reasonable attorney's fees against Quall Cardot, LLP and for the Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(3);

*Rosenthal Act*

4. An award of actual damages pursuant to California Civil Code § 1788.30(a) against all named Defendants and for Plaintiff;

5. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against all named Defendants and for Plaintiff;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against all named Defendants;

# JURY DEMAND

1. Plaintiff demands a trial by jury.

Dated: April 11, 2019

/s/ Stephen G. Recordon
STEPHEN G. RECORDON
Attorney for Plaintiff

Complaint